<pre>
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF WISCONSIN
</pre>

| | |
|---|---|
| JOE N. LINDSEY, SR.,<br><br>                Plaintiff,<br><br>v.<br><br>MOLINA HEALTHCARE OF WISCONSIN, INC.<br><br>          Involuntary Plaintiff,<br><br>v.<br><br>CHEROKEE INSURANCE COMPANY, M.C. VAN KAMPEN TRUCKING INC., B&G LOGISTICS LLC, ABC INSURANCE CORPORATION, and WESLEY JAMES MAY,<br><br>               Defendants. | Case No. 22-CV-1295-JPS<br><br><br>**ORDER** |

1.  **INTRODUCTION**

On November 2, 2022, Defendants Cherokee Insurance Company, M.C. Van Kampen Trucking Inc., B&G Logistics LLC ("B&E"), ABC Insurance Corporation, and Wesley James May ("May") (collectively, "Defendants") removed this action to this Court. ECF No. 1. Plaintiff Joe N. Lindsey, Sr. ("Plaintiff") had initiated the action in Kenosha County Circuit Court the previous month. ECF No. 1-1 at 1.

On December 29, 2022, Plaintiff filed a motion for default judgment as to involuntary Plaintiff Molina Healthcare of Wisconsin, Inc. ("Molina"). ECF No. 18. In a text order entered January 25, 2023, the Court denied the

motion and instructed Plaintiff that "the process of seeking default judgment is one of two steps" and that Plaintiff's motion for default judgment was premature in the absence of a request for entry of default and entry thereof.

On January 31, 2023, Plaintiff filed a motion for entry of default. ECF No. 22. The Clerk of Court entered default as to Molina on February 8, 2023. ECF No. 24. On February 28, 2023, Plaintiff renewed his motion for default judgment as to Molina. ECF No. 25.

2. BACKGROUND

The complaint alleges that Plaintiff suffered injuries as a result of a vehicle collision in January of 2021. ECF No. 1-1 at 10. The complaint asserts negligence against the driver of the other vehicle, May, as well as against M.C. Van Kampen Trucking Inc., May's employer. *Id*. at 10–12. The removal of the case to federal court is grounded ostensibly in diversity jurisdiction.

As to Molina, the complaint alleges that it was "at all times material herein . . . engaged in the business of providing health care coverage to its members" and that it "made payments on behalf of the Plaintiff" for medical expenses. *Id*. at 6. The complaint states further that Molina "may have or claim to have a subrogation interest" in the action and is joined for that purpose. *Id*. Plaintiff "alleges doubt as to whether" Molina is "truly subrogated or interested in this matter," but is nevertheless joined "for the purpose of complying with the provisions of Wis. Stats. § 803.03." *Id*.[1]

---

[1] Wis. Stat. 803.03(2)(b)(1) provides that

[a] party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim,

Molina is described further as being, "upon information and belief," a "domestic corporation, with its principal offices located . . . in the State of Wisconsin." *Id*. Similarly, Plaintiff is described as "residing" in the State of Wisconsin, although the complaint does not expressly speak to Plaintiff's citizenship. *Id*. at 5. The notice of removal clarifies, however, that Plaintiff is a "citizen of . . . Wisconsin." ECF No. 1 at 4.

Molina has not responded to the motion for default judgment.[2] Nor has Molina appeared in the action at all.

3. **ANALYSIS**

The motion now before the Court seeks default judgment as to Molina. But before the Court can substantively address that motion, it must

---

or assignment of part of the principal claim. For purposes of this section, a person's right to recover for loss of consortium shall be deemed a derivative right. Any public assistance recipient or any estate of such a recipient asserting a claim against a 3rd party for which the public assistance provider has a right of subrogation or assignment under s. 49.89(2) or (3) shall join the provider as a party to the claim. Any party asserting a claim based upon subrogation to part of the claim of another, derivation from the rights or claim of another, or assignment of part of the rights or claim of another shall join as a party to the action the person to whose rights the party is subrogated, from whose claim the party derives his or her rights or claim, or by whose assignment the party acquired his or her rights or claim.

…

Any party joined pursuant to par. (a) may do any of the following:
a. Participate in the prosecution of the action.
b. Agree to have his or her interest represented by the party who caused the joinder.
c. Move for dismissal with or without prejudice.

[2]The certificate of service thereof shows that the amended motion for default judgment was served on Molina at 11002 West Park Place, Milwaukee, WI 53224. ECF No. 25-3.

address the propriety of this case remaining in a federal forum. The question of whether complete diversity exists among the parties arises by virtue of several issues. First among them is that Molina, as involuntary Plaintiff, and Plaintiff, are both citizens of the forum state.

A federal court may exercise jurisdiction over a case if the amount of damages is $75,000 or more and the suit is between citizens of different states. 28 U.S.C. § 1332. In order for a federal court to have diversity jurisdiction, there must be "complete diversity." Diversity jurisdiction cannot exist when citizens of the same state appear on both sides of a lawsuit. *Fidelity & Deposit Co. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983). Since Molina and Plaintiff do not technically appear on opposite sides of the lawsuit, their shared citizenship does not appear to pose a jurisdictional issue. And the citizenship of Defendants appears, thus far at least, to be contained to the State of Michigan.

However, several issues remain. And one of those issues has been described as a "truly fascinating jurisdictional problem." *Sousa v. Astra Zeneca Pharm. Inc.*, No. 10-C-6040, 2010 U.S. Dist. LEXIS 101187, at *2 (N.D. Ill. Sept. 24, 2010). Plaintiff names as a Defendant "ABC Insurance Company,"[3] whose address, registered office, and state of incorporation are apparently "presently unknown to the Plaintiff." ECF No. 1-1 at 8. Plaintiff alleges that this entity, upon information and belief, provided liability insurance to B&E and is joined pursuant to Wis. Stat. § 803.04. *Id*. In its

---

[3]Plaintiff writes that this is a fictitious name used in place of the actual name of the Defendant Insurance Company pursuant to Wis. Stat. § 807.12. ECF No. 1-1 at 8. That provision states that "[w]hen the name or a part of the name of any defendant . . . is unknown to the plaintiff, such defendant may be designated a defendant by so much of the name as is known, or by a fictitious name . . . ."

notice of removal, Plaintiff writes that the citizenship of "ABC Insurance Corporation [sic] is a party identified and/or sued under a fictitious name [and] shall be disregarded for purposes of removal pursuant to 28 U.S.C. § 1441(a)." ECF No. 1 at 3. Indeed, 28 U.S.C. § 1441(b)(1) provides that "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." A fictitious defendant, as contemplated by § 1441(a), is a party "whom the plaintiff knows to exist, or believes to exist, but can't identify." *Johnson v. Globus Med., Inc.*, No. 1:14-cv-00730-SEB-MJD, 2015 U.S. Dist. LEXIS 749, at *9 (S.D. Ind. Jan. 5, 2015) (emphasis omitted) (internal citations omitted).

But § 1441 speaks to the propriety of removal, not to the propriety of maintaining an action in federal court thereafter.[4] The Court must address this because "jurisdictional shortcomings must be noticed at any time." *State St. Bank & Tr. Co. v. Morderosian*, No. 99-4103, 2000 U.S. App. LEXIS 26865, at *4 (7th Cir. Oct. 13, 2000). "[Section] 1441 prevents a plaintiff from

---

[4]*See* 2 MOORE'S FEDERAL PRACTICE – CIVIL § 10.02:

In 1988, the removal statute, 28 U.S.C. § 1441, was amended to provide that if a case is removed from a state trial court to a federal district court based upon general diversity jurisdiction, "the citizenship of defendants sued under fictitious names shall be disregarded." Some district courts have held that subject-matter jurisdiction over a state-law claim should not be dependent on whether the claim was initially filed in, or later removed to, a federal district court, and therefore disregarded the presence of John Doe defendants in determining whether there was diversity jurisdiction in a case commenced in federal court. Other courts, however, held that joinder of nondiverse John Doe defendants is fatal to diversity jurisdiction, noting that Congress chose not to amend § 1332 when it amended the removal statute. That latter view is sound.

blocking removal by inserting a fictitious non-diverse Doe defendant, but that does not mean that a plaintiff suing in federal court can ignore the requirements of diversity jurisdiction." 2 MOORE'S FEDERAL PRACTICE – CIVIL § 10.02. The Commentary to § 1441(a) provides that the provision "solves the named defendants' [potential jurisdiction] problem" only "for the moment." *Johnson*, 2015 U.S. Dist. LEXIS 749, at *10 (internal citation omitted). "If they do remove the case, however, the problem may return later . . . ." *Id*. The *Johnson* court wrote that it was "[un]aware of [any] Seventh Circuit opinion applying 28 U.S.C. § 1441(b)'s fictitiously-named or anonymous defendant exception to the required complete diversity." *Id*. The significance of this is that "at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

"Jurisdictional allegations must be made on personal knowledge, not on information and belief, to invoke the subject matter jurisdiction of a federal court." *Indus. Maint. Eng'g v. Johnson*, No. 2:20-cv-00659-JMS-DLP, 2021 U.S. Dist. LEXIS 209686, at *3 (S.D. Ind. May 7, 2021) (internal citation omitted). "A court needs to know details, such as the state of incorporation and principal place of business of each corporate party." *Morderosian*, 2000 U.S. App. LEXIS 26865, at *4–5. For purposes of maintaining diversity jurisdiction, a complaint must affirmatively establish each party's citizenship. *See Guar. Nat'l Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58 (7th Cir. 1996). Therefore, "unknown defendants (who are necessarily of unknown citizenship) foreclose any possible allegation of total diversity." *Bryant v. Yellow Freight Sys.*, 989 F. Supp. 966, 968 (N.D. Ill. 1997). For this reason, complaints naming Does as parties fail to properly invoke diversity

jurisdiction. *Howell v. Goerdt v. Trib. Ent. Co.*, 106 F.3d 215, 218 (7th Cir. 1997).

Over five months have passed since the removal of this case to this Court, and the record is still devoid of information relating to the citizenship of ABC Insurance Company. It is not clear for what amount of time following removal a case may remain in federal court under the auspices of diversity jurisdiction with a known but unidentifiable party. But the Court feels that five months suffice for the parties to have discovered the identity and citizenship of that party and disclose it to the Court. It is not clear why the identity and citizenship of ABC Insurance Company has not yet been established. The complaint demonstrates that Plaintiff is aware of the relationship suspected between ABC Insurance Company and B&E. It would appear, therefore, that the parties have access to that which they need to determine ABC Insurance Company's true identity.[5] The inclusion of this Defendant of unknown citizenship may, therefore, force a remand of the action for lack of clear subject matter jurisdiction.

However, the matter is even more complicated still, because for purposes of determining diversity jurisdiction, courts look only to parties "who are real and substantial parties to the controversy." *Navarro Savings*

---

[5]In this respect, this case is distinct from that of *Sousa*, wherein the Northern District of Illinois wrote that it was "understandable" that the plaintiff there did not know the identity of all of those against whom he sought relief, since his "obvious lack of mobility as a prison inmate preclude[d] him from learning that identity except through discovery." *Sousa*, 2010 U.S. Dist. LEXIS 101187, at *3. The Court wrote further that "[i]t must also be remembered that by definition AstraZeneca knows the identity of its employees who carried out that responsibility (as Sousa does not)." *Id*. at *7 (emphasis omitted). Similarly, the Court can assume that B&E, as the purported insured, knows the identity of its insurer. The Court sees no reason why that identity has not, therefore, yet been established.

*Assoc. v. Lee*, 466 U.S. 458, 461 (1980); *Betar v. De Havilland Aircraft of Canada, Ltd.*, 603 F.2d 30, 32 (7th Cir. 1979). Therefore, if ABC Insurance Company is not a real party to the controversy, its unknown citizenship is immaterial. If ABC Insurance Company is a real party to the controversy, however, Plaintiff's failure to affirmatively plead its citizenship—and Defendants' failure to thereafter supplement the record thereto—forecloses merits review by this Court. *See Rojas v. Sea World Parks & Ent., Inc.*, 538 F. Supp. 3d 1008, 1017 (S.D. Cal. 2021) ("The general rule has been that joinder of [unidentified] defendants defeats diversity jurisdiction unless their citizenship can be established or unless they are nominal parties whose citizenship can be disregarded even if known.") (emphasis omitted) (internal citation omitted).

  The complaint alleges, on information and belief, that ABC Insurance Company provided liability insurance to B&E, and therefore may be liable to Plaintiff in the event that B&E is found liable for damages to Plaintiff. "The real party in interest is the one who 'by the substantive law, possesses the right sought to be enforced, and not necessarily the person who will ultimately benefit from the recovery.'" *Illinois v. Life of Mid-America Ins. Co.*, 805 F.2d 763, 764 (7th Cir. 1986) (internal citation omitted). "Generally, if a party's claim is fully subrogated, the subrogee becomes the real party in interest. If the claim is only partially subrogated, both the subrogee and the subrogor are real parties in interest to the extent of their portion of the claim." WAGSTAFFE PRAC. GUIDE: FED. CIVIL PROC. BEFORE TRIAL § 15-IV (quoting *Cummings v. United States*, 704 F.2d 437, 439 (9th Cir. 1983)) ("Because the insurance company as subrogee stands in the shoes of the insured, it is the real party in interest in the insured's suit to the extent of the subrogation."). The complaint alleges that, at least upon information

and belief, ABC Insurance Company stands in the shoes of B&E by virtue of "said insurance policy and the alleged negligence of the Defendant, Wesley James [M]ay." ECF No. 1-1 at 8. Therefore, it would appear to be a real party in interest, and for the reasons discussed, its citizenship must be included in the jurisdictional analysis.

The Court cannot proceed to the merits of the instant motion for default judgment until and unless it becomes clear that this case, arising solely from state law, is properly before this Court. Plaintiff has not affirmatively pleaded the citizenship of ABC Insurance Company, a real party in interest. Nor have any of Defendants supplemented the record with that information. It is Defendants who removed this case with the intention of benefitting from the limited jurisdiction of the federal courts. The Court will therefore give Defendants thirty days from the entry of this Order to show cause why this case is properly before this Court through diversity jurisdiction and should not be remanded for lack thereof.

Accordingly,

**IT IS ORDERED** that Defendants shall show cause why this case should not be remanded for lack of jurisdiction by **April 21, 2023.** Failure to do so will result in an order remanding this case back to state court.

Dated at Milwaukee, Wisconsin, this 22nd day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge