# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOE N. LINDSEY, SR., <br><br> Plaintiff, <br><br> v. <br><br> MOLINA HEALTHCARE OF WISCONSIN, INC. <br><br> Involuntary Plaintiff, <br><br> v. <br><br> CHEROKEE INSURANCE COMPANY, M.C. VAN KAMPEN TRUCKING INC., B&E LOGISTICS LLC, and WESLEY JAMES MAY, <br><br> Defendants. | Case No. 22-CV-1295-JPS <br><br><br> **ORDER** |

## 1. INTRODUCTION

On November 2, 2022, Defendants removed this action to this Court. ECF No. 1. Plaintiff Joe N. Lindsey, Sr. ("Plaintiff") had initiated the action in Kenosha County Circuit Court the previous month. ECF No. 1-1 at 1.

On December 29, 2022, Plaintiff filed a motion for default judgment as to involuntary Plaintiff Molina Healthcare of Wisconsin, Inc. ("Molina"). ECF No. 18. In a text order entered January 25, 2023, the Court denied the motion and instructed Plaintiff that "the process of seeking default judgment is one of two steps" and that Plaintiff's motion for default judgment was premature in the absence of a request for entry of default and entry thereof.

On January 31, 2023, Plaintiff filed a motion for entry of default. ECF No. 22. The Clerk of Court entered default as to Molina on February 8, 2023. ECF No. 24. On February 28, 2023, Plaintiff renewed his motion for default judgment as to Molina. ECF No. 25.

**2.  BACKGROUND**

The complaint alleges that Plaintiff suffered injuries as a result of a vehicle collision in January of 2021. ECF No. 1-1 at 10. The complaint asserts negligence against the driver of the other vehicle, May, as well as against M.C. Van Kampen Trucking Inc., May's employer. *Id*. at 10–12.

As to Molina, the complaint alleges that it was "at all times material herein . . . engaged in the business of providing health care coverage to its members" and that it "made payments on behalf of the Plaintiff" for medical expenses. *Id*. at 6. It further states that Molina "may have or claim to have a subrogation interest" in the action and is joined for that purpose. *Id*. Plaintiff "alleges doubt as to whether" Molina is "truly subrogated or interested in this matter," but is nevertheless joined "for the purpose of complying with the provisions of Wis. Stats. § 803.03." *Id*.[1]

---

[1] Wis. Stat. 803.03(2)(b)(1) provides that

> [a] party asserting a claim for affirmative relief shall join as parties to the action all persons who at the commencement of the action have claims based upon subrogation to the rights of the party asserting the principal claim, derivation from the principal claim, or assignment of part of the principal claim. For purposes of this section, a person's right to recover for loss of consortium shall be deemed a derivative right. Any public assistance recipient or any estate of such a recipient asserting a claim against a 3rd party for which the public assistance provider has a right of subrogation or assignment under s. 49.89(2) or (3) shall join the provider as a party to the claim. Any party asserting a claim based upon subrogation to part of the claim of another, derivation from the rights or claim of another, or assignment of part of the rights or claim of another

Molina has not responded to the motion for default judgment.[2] Nor has Molina appeared in the action at all.

3. **ANALYSIS**

A party with a potential subrogation claim named in an action pursuant to Wis. Stat. § 803.03 must elect "to either: (1) participate in the prosecution of the action; (2) agree to have their interests represented by the party who caused the joinder; or (3) move for dismissal with or without prejudice." *Buchanan v. Gen. Cas. Co.*, 528 N.W.2d 457, 1995 Wisc. App. LEXIS 1, at *10 (Wis. Ct. App. 1995); *see also Duncan v. Gillingham,* 570 N.W.2d 252, 1997 Wisc. App. LEXIS 919, at *3 (Wis. Ct. App. 1997) ("A party joined pursuant to the joinder statute, § 803.03, . . . must *timely* choose whether to participate in the prosecution of the action, agree to have the party causing the joinder represent its interests, or move to dismiss.") (emphasis added). Such a party that fails to "elect a joinder option" may properly be dismissed from the action. *Buchanan*, 1995 Wisc. App. LEXIS 1, at *10–13. Molina has failed to timely elect a joinder option, and so Molina may properly be dismissed from this action.

---

    shall join as a party to the action the person to whose rights the party is subrogated, from whose claim the party derives his or her rights or claim, or by whose assignment the party acquired his or her rights or claim.

    …

    Any party joined pursuant to par. (a) may do any of the following:
    a. Participate in the prosecution of the action.
    b. Agree to have his or her interest represented by the party who caused the joinder.
    c. Move for dismissal with or without prejudice.

[2] The certificate of service thereof shows that the amended motion for default judgment was served on Molina at 11002 West Park Place, Milwaukee, WI 53224. ECF No. 25-3.

That said, a motion for default judgment is not the appropriate vehicle to achieve such an end. Entry of default (and default judgment) may be obtained "against a party 'against whom a judgment for affirmative relief is sought.'" 10 MOORE'S FEDERAL PRACTICE—CIVIL § 55.11 (citing Fed. R. Civ. P. 55). It applies "only to defending parties." *Id*.

Molina, an involuntary plaintiff, is not a party against whom Plaintiff seeks affirmative relief in this action. So while the Court will dismiss Molina from the action and extinguish any potential subrogation claim it may have had in relation herewith, the Court will not do so under the guise of default judgment.

Accordingly,

**IT IS ORDERED** that Plaintiff's renewed motion for default judgment as to Involuntary Plaintiff Molina Healthcare of Wisconsin, Inc., ECF No. 25, be and the same is hereby **GRANTED in part and DENIED in part**;

**IT IS FURTHER ORDERED** that Molina Healthcare of Wisconsin, Inc. be and the same is hereby **DISMISSED** from this action; and

**IT IS FURTHER ORDERED** that any potential subrogation interest that Molina Healthcare of Wisconsin, Inc. may have in relation to this action be and the same is hereby **EXTINGUISHED**.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge